UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. CHERYL TAYLOR** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | **JURY TRIAL DEMANDED** |
| **DR. RAY L. BELTON, PRESIDENT,** ) | |
| **SOUTHERN UNIVERSITY &** ) | |
| **AGRICULTURAL & MECHANICAL** ) | |
| **COLLEGE; BOARD OF SUPERVISORS OF** ) | |
| **SOUTHERN UNIVERSITY &** ) | |
| **AGRICULTURAL & MECHANICAL** ) | |
| **COLLEGE,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff Dr. Cheryl Taylor ("Plaintiff" or "Dr. Taylor") alleges and states the following for her Verified Complaint against Defendants, Dr. Ray L. Belton, President, Southern University & Agricultural & Mechanical College, and Board of Supervisors of Southern University & Agricultural & Mechanical College (together, "Defendants"):

### I. INTRODUCTION

1. Cheryl Taylor, Ph.D., RN, MN, BSN, FAAN, is the Chair of Graduate Nursing Programs at the College of Nursing and Allied Health Sciences, Southern University Baton Rouge ("SUBR"). Dr. Taylor is a tenured Associate Professor of Nursing and a respected leader within SUBR as well as the statewide and national nursing community. Between January 6, 2020 and January 31, 2020, Dr. Taylor took approved medical leave under the Family Medical Leave Act (FMLA).

2. Following Dr. Taylor's return on February 3, 2020, Defendants did not restore her to the same position as previously held or a comparable position with equivalent pay, benefits, and working

conditions as required by the FMLA. Instead, she suffered unlawful retaliation, including but not limited to removal of her administrative responsibilities as Chair of Graduate Nursing Programs, effective removal from her administrative position as Chair of Graduate Nursing Programs, and a proposed change in her status from the twelve-month Chair of Graduate Nursing Programs to a nine-month faculty position, effective May 31, 2020.

3. As set forth below, Defendants' actions were in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq.,* as well as Dr. Taylor's contractual and due process rights under the 2017-2020 Faculty Handbook for Southern University and A&M College Baton Rouge (the "Handbook") and federal and state law. Defendants' unlawful retaliatory actions against Dr. Taylor have been characterized by a complete disregard for Dr. Taylor's rights. Defendants willfully violated Dr. Taylor's rights under the FMLA when they failed to restore her to the same position and retaliated against her in various ways following her approved FMLA leave.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims in this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

5. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391. The claims asserted in this action arose within this District and the alleged discrimination and damages occurred in this District.

## III. PARTIES

6. **Plaintiff Cheryl Taylor** is a tenured associate professor of nursing at SUBR, the Chair of Graduate Nursing Programs at SUBR, and domiciled in the Middle District of Louisiana. At

all relevant times, she was an "employee" or "covered employee" under the FMLA, 29 U.S.C. § 2611(2)(A).

7. **Defendant Dr. Ray L. Belton** ("Dr. Belton") is the President-Chancellor, Southern University & Agricultural and Mechanical College and has served in that capacity during all times relevant hereto. Upon information and belief, Dr. Belton is domiciled in the Middle District of Louisiana.

8. **Defendant Board of Supervisors of Southern University & Agricultural and Mechanical College** ("Southern" or the "Board") is the public entity with corporate authority over the entire Southern University System, a public, historically black, land-grant institution with its principal place of business located at 801 Harding Blvd, Baton Rouge, Louisiana 70807.[1] At all relevant times, Southern met the relevant definition of "employer" and/or a "covered employer" under the FMLA, 29 U.S.C. § 2611(4)(A) and/or (B).

## IV. FACTUAL ALLEGATIONS

### Dr. Taylor's Employment with SUBR

9. Dr. Taylor has been employed by SUBR as a member of the nursing faculty at SUBR for approximately twenty years. She is currently serving a three-year term as Chair of Graduate Nursing Programs; her term runs from May 2018 through May 2021. The Chair position is a 12-month administrative position, in contrast to a faculty position at SUBR which is a 9-month position.

---

[1] *See* La. R.S. 17:3218 ("The corporate authority ... vested in ... the Board of Supervisors of Southern University... extends to all the colleges and universities, branches, centers of learning, or extensions of such university system now existing or hereafter established."); La. R.S. 17:3220 ("[T]he Southern University system ... [is] established and maintained to serve the educational needs of the people of the state." ); La. R.S. 17:3221 (designating Southern University as a "land grant college," which is authorized to receive "the benefits of the various acts of Congress").

10. Dr. Taylor has served as the chair of SUBR's Graduate Nursing Programs (MSN, DNP, PhD) since 2013 and taught in the SUBR graduate nursing programs for approximately 20 years, including serving as chairperson for Ph.D. and DNP research projects.

11. Dr. Taylor has served in leadership roles for the National Student Nurses' Association, including serving as Chair for Ph.D. and DNP programs and as a faculty mentor. During her years as Chair of Graduate Nursing Programs, she has served as chair of dissertation and research committees. In addition, Dr. Taylor was appointed to and serves on the National COVID19 Bioethics Commission.

12. In 2019, Dr. Taylor was selected as the Educator of the Year by the Louisiana State Nurses Foundation. In May 2018, she was named as a "trailblazer" by the National Black Nurses Association, one of five nurses nationally to be recognized for their "extraordinary contributions in academia, research, practice and administration." As SUBR noted in its press release about the NBNA honor, "Dr. Taylor is the Jewell L. and James Prestage Endowed Professor within Southern University's College of Nursing and Allied Health. In 2017, she was selected as an ambassador for the Friends of the National Institute of Nursing Research. Beyond the classroom, Taylor has served on various boards and committees for statewide and national organizations, including the American Academy of Nursing, National League for Nursing, and National Student Nurses Association Inc. She is also a member of the Louisiana Action Coalition Diversity Steering Committee and a gubernatorial appointee to the Louisiana Department of Health and Human Services Institutional Review Board."

13. The 2017-2020 Faculty Handbook for Southern University and A&M College Baton Rouge (the "Handbook") creates contractual and due process rights for Dr. Taylor as a tenured member of the faculty and Chair of Graduate Nursing Programs. *See, e.g., Greene v. Howard*

4

*University,* 412 F.2d 1128 (D.C. Cir. 1969) (faculty handbook "govern[ed] the relationship between faculty members and the university"); *I.F. v. Administrators of Tulane Educ. Fund,* 2013-0696 (La. App. 4th Cir. 1989) (university "must adhere to the standards it provides. It imposed upon itself the duty by its own policies and procedures and it is obligated contractually to follow through completely, meaningfully, and in good faith" and must afford appropriate due process).

### Dr. Taylor's FMLA Leave, Return from Leave, and SUBR's Retaliation Against Dr. Taylor

14. On December 31, 2019, Dr. Taylor emailed Dr. Sandra C. Brown, Dean of the College of Nursing & Allied Health, requesting sick leave and attaching documentation from her doctor.

15. Dr. Brown responded by instructing Dr. Taylor to apply for FMLA leave.

16. Subsequently, Dr. Taylor formally applied for FMLA leave, which was granted by SUBR.

17. Dr. Taylor took approved FMLA leave between January 6 and January 31, 2020.

18. Dr. Taylor returned to work on February 3, 2020.

19. Upon Dr. Taylor's return to campus in February 2020, Dean Brown informed Dr. Taylor that a different faculty member had been appointed as the Interim Chair of Graduate Nursing Programs during Dr. Taylor's medical leave and would be continuing in that position through the end of the Spring 2020 semester. Dr. Taylor was effectively and improperly removed from her position as Chair and was prevented from fulfilling her duties as Chair during the Spring 2020 semester.

20. In February 2020, after returning from FMLA leave, Dr. Taylor was removed from service as the statewide elected Director at Large to the Louisiana Council of Administrators of Nursing Education (LACANE) representing Southern University, after SUBR notified LACANE leadership that Dr. Taylor was not on the Dean's Administrative team and would no longer

represent Southern as a member of the Executive committee. Dr. Taylor was not informed of that decision by Dean Brown.

21. Following her FMLA leave, Dr. Taylor received an unwarranted written reprimand on March 30, 2020 for a Cade Memorial Library room requisition.

22. On April 24, 2020, Dr. Taylor received a Change in Status memorandum recommending, "[b]ased on Dr. Taylor's performance evaluation[,]" that effective May 31, 2020, Dr. Taylor's "position status officially change[] from a 12-month Chair of the Graduate Nursing Program position to a 9-month faculty position at her current rank of Associate Professor" with a corresponding salary adjustment. This document was signed by Dr. Brown on April 16, 2020 and approved by Dr. Sahoo, Interim Executive Vice Chancellor, on April 17, 2020, but was not provided to Dr. Taylor until April 24th.

23. With the proposed Change in Status, on April 24th, Dr. Taylor received an inaccurate, unfair, and retaliatory critical performance evaluation by Dr. Brown dated April 16, 2020. She never had an opportunity to respond to the evaluation prior to receipt of the proposed Change in Status. The content of this performance evaluation was unmerited and completely inconsistent with Dr. Taylor's well-recognized, dedicated, and exemplary service to the school, its faculty, and its students.

24. In April 2020, during Dr. Taylor's three-year term as Chair (which runs from May 2018 through May 2021), the position of Chair, Graduate Nursing Programs was publicly posted in a statewide publication—the April 2020 edition of the Pelican News published by the Louisiana State Nurses Association and the Louisiana Nurses Foundation.

**May 2020 to July 2020**

25. In May 2020, Dr. Taylor was notified that the proposed change in her status from the 12-month administrative position to a 9-month faculty position was scheduled to go before the Board at its regular meeting in June 2020.

26. Between early May 2020 and early July 2020, the parties engaged in correspondence regarding the proposed change in Dr. Taylor's status and the issues raised herein.

27. Dr. Taylor requested a meeting with Dr. Belton regarding these issues. That meeting request was denied. Dr. Belton performed a review of the proposed action and stated that he was taking no action with respect to the matter. Dr. Belton did not provide any reasons for his decision.

28. Upon information and belief, Dr. Belton has recommended to the Board that Dr. Taylor's status be changed from the 12-month administrative position as Chair of Graduate Nursing Programs to a 9-month faculty position.

29. On June 30, 2020, Dr. Taylor received notice that the proposed change in her status would be addressed by the Board at a meeting on Monday, July 6, 2020 and that any "public comment" on pending issues is limited to a maximum of three minutes.

30. On July 2, 2020, the July 6, 2020 Board meeting was publicly announced and the Board meeting agenda and materials were posted to the Southern website.

31. The meeting agenda item regarding Dr. Taylor is described as a "transfer." Included with the publicly-available Board packet was the proposed change in position status document signed by Dr. Brown and Dr. Sahoo, which states that the proposed change in status is "[b]ased on Dr. Taylor's performance evaluation."

32. Dr. Taylor requested that the proposed change in status based on performance and the "transfer" item be removed from the agenda for the July 6, 2020 meeting and requested an appeal to the Board. These requests were denied.

### V. CAUSES OF ACTION

#### COUNT I
**Failure to Return to Same Position or Equivalent Position in Violation of the FMLA**
**29 U.S.C. § 2614(a)(1)**

33. Dr. Taylor realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

34. Dr. Taylor was at all times relevant to this action an employee covered by the FMLA, 29 U.S.C. § 2611(2)(A), having been employed by SUBR for approximately 20 years prior to requesting FMLA leave and having worked for over 1,250 hours in the twelve-month period preceding her request.

35. Defendant Southern is an employer covered by the FMLA pursuant to 29 U.S.C. § 2601 *et seq*.

36. Dr. Taylor was entitled to FMLA leave for medical reasons and was approved for such leave by SUBR.

37. Dr. Taylor engaged in an activity protected by the FMLA by taking leave between January 6, 2020 and January 31, 2020.

38. Upon Dr. Taylor's return from FMLA leave, Defendants failed to restore her to the same position as previously held or a comparable position with equivalent pay, benefits, and working conditions as required by the FMLA, 29 U.S.C. § 2614(a)(1).

39. Defendants have justified the actions taken against Dr. Taylor based upon an inaccurate and meritless performance evaluation. Defendants' alleged reasons for taking the actions against Dr. Taylor were pretextual.

40. Defendants did not act in good faith as to any FMLA violations alleged herein.

41. As a result of Defendants' misconduct, Plaintiff has suffered and/or will suffer damages, including but not limited to compensatory damages, lost wages, and lost retirement benefits, and has incurred attorney's fees and costs.

### Count II
### Retaliation in Violation of the FMLA
### 29 U.S.C. § 2615(a)(2)

42. Dr. Taylor realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

43. Dr. Taylor was at all times relevant to this action an employee covered by the FMLA, 29 U.S.C. § 2611(2)(A), having been employed by SUBR for approximately 20 years prior to requesting FMLA leave and having worked for over 1,250 hours in the twelve-month period preceding her request.

44. Defendant Southern is an employer covered by the FMLA pursuant to 29 U.S.C. § 2601 *et seq*.

45. Dr. Taylor was entitled to FMLA leave for medical reasons and was approved for such leave by SUBR.

46. Dr. Taylor engaged in an activity protected by the FMLA by taking leave between January 6, 2020 and January 31, 2020.

47. Dr. Taylor suffered adverse employment action(s) when Defendants removed her administrative responsibilities as Chair of Graduate Nursing Programs following her FMLA leave, effectively removed from her administrative position as Chair of Graduate Nursing Programs, and proposed a change in her status from the 12-month Chair of Graduate Nursing Programs to a 9-month faculty position, effective May 31, 2020.

48. Defendants' conduct set forth herein, including but not limited to the removal of her administrative responsibilities as Chair of Graduate Nursing Programs, effective removal from her administrative position as Chair of Graduate Nursing Programs, and the proposed change in her status from the twelve-month Chair of Graduate Nursing Programs to a nine-month faculty position, effective May 31, 2020, constitutes unlawful retaliation against Dr. Taylor in violation of her rights under the FMLA. 29 U.S.C. § 2615(a).

49. Defendants have attempted to justify the adverse employment actions against Dr. Taylor based upon an inaccurate and meritless performance evaluation. Defendants' alleged reasons for taking adverse action against Dr. Taylor were pretextual.

50. Defendants did not act in good faith as to any FMLA violations alleged herein.

51. As a result of Defendants' misconduct, Plaintiff has suffered and/or will suffer damages, including but not limited to compensatory damages, lost wages, lost retirement benefits, and has incurred attorney's fees and costs.

## COUNT III
**Violation of Substantive and Procedural Due Process Under the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983**

52. Dr. Taylor realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

53. Defendants' actions set forth herein violate Dr. Taylor's due process rights under the Fourteenth Amendment of the United States Constitution.

54. Defendants failed to intervene despite awareness of the unreasonable risk that Plaintiff's rights were being violated, and Defendants were deliberately indifferent to that risk.

55. As a result of Defendants' misconduct, Plaintiff has suffered and/or will suffer damages, including but not limited to lost wages, lost retirement benefits, compensatory damages, emotional distress, and loss of career opportunities and has incurred attorney's fees and costs.

56. Plaintiff also seeks declaratory and prospective injunctive relief for violations of her substantive and procedural due process rights under the Fourteenth Amendment.

57. Defendants acted under color of state law, using a power possessed by virtue of state law, when depriving Plaintiff of her rights.

58. Defendants maliciously and wantonly violated Plaintiff's federally protected rights.

## COUNT IV
### Violation of Substantive and Procedural Due Process
### Under Article 1, § 2 of the Louisiana Constitution

59. Dr. Taylor realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

60. Defendants' actions set forth herein violate Dr. Taylor's due process rights under Article 1, § 2 of the Louisiana Constitution.

61. Defendants failed to intervene despite awareness of the unreasonable risk that Plaintiff's rights were being violated, and Defendants were deliberately indifferent to that risk.

62. As a result of Defendants' misconduct, Plaintiff has suffered and/or will suffer damages, including but not limited to lost wages, lost retirement benefits, compensatory damages, emotional distress, and loss of career opportunities and has incurred attorney's fees and costs.

63. Plaintiff also seeks declaratory and prospective injunctive relief for violations of her substantive and procedural due process rights under Article 1, § 2 of the Louisiana Constitution.

## COUNT V
### Breach of Contract and Breach of the
### Implied Covenant of Good Faith and Fair Dealing

64. Dr. Taylor realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

65. The Handbook constitutes a contract between Defendants and Dr. Taylor as a tenured member of the faculty and Chair of Graduate Nursing Programs.

66. Defendants breached express and/or implied contracts with Dr. Taylor under the Handbook.

67. Defendants breached express contractual obligations under the Handbook by, *inter alia,* removing Dr. Taylor from her position as Chair of Graduate Nursing Programs without following the procedures set forth in the Handbook.

68. Defendants breached and violated the covenant of good faith and fair dealing implied in the Handbook by, *inter alia,* removing Dr. Taylor from her position as Chair of Graduate Nursing Programs following her FMLA leave.

69. Dr. Taylor is entitled to recover damages for Defendants' breach of the express and/or implied contractual obligations described above. As a result of the above-described conduct, Plaintiff has suffered and/or will suffer damages, including but not limited to lost wages, lost retirement benefits, compensatory damages, emotional distress, and loss of career opportunities and has incurred attorney's fees and costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against Defendants and that the Court grant the following:

    a. Declaratory relief;

    b. Injunctive relief;

    c.   Judgment against Defendants for Plaintiff's asserted causes of action;

    d.   Damages in such an amount as shall be proven at trial for lost wages, lost retirement benefits, and loss of career opportunities,

    e.   Award of compensatory damages, including but not limited to damages for emotional distress;

    f.   An order for Defendants to reinstate Plaintiff as Chair of Graduate Nursing Programs or in the alternative to pay for front-pay and benefits;

    g.   Award of liquidated damages;

    h.   Award of punitive damages;

    i.   Award of costs and attorney's fees;

    j.   Pre- and post-judgement interest; and

    k.   An order for such further legal and equitable relief as the Court deems just and proper.

## VII. JURY DEMAND

Dr. Taylor demands a trial by jury on all issues of fact and damages stated herein.

Dated: July 6, 2020.

                                          Respectfully Submitted,

                                            /s/ Kerry A. Murphy
                                        Kerry A. Murphy (La. Bar No. 31382)
                                            (lead attorney)
                                        Catherine E. Lasky (La. Bar No. 28652)
                                        **LASKY MURPHY LLC**
                                        715 Girod Street, Suite 250
                                        New Orleans, LA 70130
                                        Telephone: (504) 603-1500
                                        Facsimile: (504) 603-1503
                                        kmurphy@laskymurphy.com
                                        klasky@laskymurphy.com

**PLEASE WITHHOLD SERVICE.**